# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| HAROLD LORETERO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF HENDERSON, et al., <br><br> Defendants. | 2:12-CV-1176 JCM (VCF) |

**ORDER**

Presently before the court is *pro se* plaintiffs Harold Loretero and Branden Loretero's motion for temporary restraining order. (Doc. #10).

Plaintiffs filed the instant complaint on July 3, 2012. (Doc. #1). Harold Loretero filed this action in his own capacity and on behalf of Branden Loretero, who is a minor. (Doc. #1). The complaint asserts that defendants County of Clark, et. al. violated plaintiffs' rights by removing Branden Loretero from Harold Loretero's custody without notice and/or a hearing on June 5, 2012. (Doc. #1). Plaintiffs attached several affidavits to the complaint which reference a hearing at the Las Vegas Family Court on June 7, 2012, regarding Branden Loretero's custody status. (Doc. #1, Exs. D, E, and G).

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests,

**James C. Mahan**
**U.S. District Judge**

1  and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *H.C. ex rel. Gordon
2  v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). The Ninth Circuit has held that *Younger* abstention
3  applies to ongoing state court custody proceedings. *Id.* (citing *Mann v. Conlin*, 22 F.3d 100, 106 (6th
4  Cir. 1994) for the proposition that "*Younger* abstention was appropriate in § 1983 action alleging
5  that a state court judge violated plaintiff's due process rights in custody battle").

6      Here, the allegations in the complaint demonstrate that Branden Loretero's current custodial
7  status is the result of a state court hearing and order on June 7, 2012. Based on the allegations in the
8  complaint, it appears as if the state proceedings are ongoing because Harold Loretero has attended
9  several hearings after Branden Loretero was removed on June 5, 2012. (Doc. #1, ¶ 20). Thus, the
10 relief requested in the instant motion for temporary restraining order would have the effect of
11 reversing an order in a pending state court proceeding.

12     Therefore, for the purposes of this motion for temporary restraining order, it appears as if
13 *Younger* abstention would apply to this case. *See Koppel*, 203 F.3d at 613; *Younger*, 401 U.S. at 37.

14     Accordingly,

15     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiffs Harold
16 Loretero and Branden Loretero's motion for temporary restraining order (doc. #10) be, and the same
17 hereby is, DENIED.

18     DATED July 30, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -