1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8
9
10
11
12
13

| | |
|---|---|
| HAROLD LORETERO, et al., | 2:12-CV-1176 JCM (VCF) |
| Plaintiffs, | |
| v. | |
| CITY OF HENDERSON, et al., | |
| Defendants. | |

14

**ORDER**

15      Presently before the court is plaintiffs Harold Loretero's, on behalf of Branden Loretero,

16  motion for a preliminary injunction. (Doc. # 5). Defendants Yulaunda Greenberry and Clark County

17  (the county defendants) filed an opposition. (Doc. # 18). Defendants City of Henderson and Officer

18  Stokes (the city defendants) joined the county defendants' opposition. (Doc. # 19).

19      Also before the court is the city defendants' motion to dismiss. (Doc. # 12). The county

20  defendants joined the city defendants' motion. (Doc. # 17). Plaintiffs did not file a response. The city

21  defendants filed a reply. (Doc. # 29).

22      Also before the court is defendant Mari D. Parlade's motion to dismiss. (Doc.# 24). Plaintiffs

23  did not file a response.

24      Also before the court is plaintiffs motion for leave to file an amended complaint. (Doc. # 27).

25  The city defendants filed an opposition. (Doc. # 18).

26   . .

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

## I.      Factual background

This case arises out of a dispute as to the custody of plaintiff Harold Loretero's son, Branden Loretero.[1] Plaintiffs allege that on June 5, 2012, defendants Yulaunda Greenberry and Officer Stokes, amongst others, appeared at the home of Branden's daytime caretaker. (Doc. # 1, ¶ 8). Officer Stokes told the caretaker that they had a court order to take Branden and came into the home without the caretaker's consent. (*Id.*, ¶ 10). The caretaker asked to see the court order or warrant, but they took Branden from the home and left Greenberry's business card. (*Id.*, ¶¶ 11-13).

The caretaker called Mr. Loretero to inform him that Branden had been taken. (*Id.*, ¶ 14). When Mr. Loretero contacted the Henderson police department, he was told that there was no warrant or court order to take his son. (*Id.*).

On June 6, 2012, Mr. Loretero contacted Clark County Department of Family Services and spoke with a person who identified himself as Greenberry's supervisor. (*Id.*, ¶ 15). The supervisor stated that the reason for taking Branden was that Mr. Loretero was late on taking a paternity test, did not follow a visitation request, and the department of family services had trouble reaching him. (*Id.*, ¶ 16). The supervisor also told Mr. Loretero that the department of family services can take children into protective custody with a "protective custody order" and do no require a court order. (*Id.*, ¶ 17).

On June 12, 2012, Mr. Loretero attended a meeting with the Henderson police department internal affairs unit. (*Id.*, ¶ 18). At the meeting, members from the internal affairs unit told Mr. Loretero that any agency or officer can take a child into protective custody without a warrant as authorized by state statute, but the members failed to reference any statute. (*Id.*, ¶ 19). The members informed Mr. Loretero that Branden was taken because he was believed to be a ward of the state. (*Id.*). Further, the member did not answer Mr. Loretero's questions as to taking Branden without a court order or warrant. (*Id.*).

Since Branden has been taken, Mr. Loretero has attend several administrative hearings but has been denied custody of his son. (*Id.*, ¶ 20). At one hearing, Mari D. Parlade told Mr. Loretero

---

[1] Harold Loretero is bringing this action on behalf of his son, Branden Loretero.

1   that she authorized Greenberry without a court order or warrant. (*Id.*).

2          Plaintiffs also attached several exhibits to their complaint. The court takes judicial notice of

3   exhibit E as it is a document from a state court proceeding.[2] This document reflects that there was

4   a disposition hearing on the custody status of Branden on May 31, 2012, and that a protective

5   custody order was issued on June 7, 2012. (Doc. # 1, Ex. E). It appears from the report that Mr.

6   Loretero has failed to submit to a paternity test as Branden does not have a birth certificate.

7          On July 3, 2012, plaintiffs brought a 42 U.S.C. § 1983 action. Plaintiff alleges: (1) violation

8   of 42 U.S.C. § 1983 for right to maintain a family relationship against Greenberry, Officer Stokes,

9   and Parlade; (2) violation of 42 U.S.C. § 1983 for unreasonable seizure against Greenberry, Officer

10  Stokes, and Parlade; (3) assault against Greenberry and Officer Stokes; (4) negligence all defendants;

11  (5) battery against Greenberry and Officer Stokes; (6) false imprisonment against all defendants; (7)

12  intentional infliction of emotional distress against all defendants; (8) inference with family against

13  all defendants; (9) respondeat superior of Officer Stokes in his official capacity against the City of

14  Henderson (the city); and (10) respondeat superior of Greenberry and Parlade in their official

15  capacity against Clark County (the county).

16  **II.     Motion for preliminary injunction (doc. # 5)**

17         Plaintiff seeks a preliminary injunction to enjoin defendants and their agents and

18  representatives from holding Branden in custody because this activity infringes upon Mr. Loretero's

19  right to maintain a family relationship secured under the 14th Amendment. (Doc. # 5, ¶ 4). Put more

20  simply, plaintiffs seek an order to return Branden to Mr. Loretero.

21         As an initial matter, the court acknowledges this is a *pro se* complaint and motion, which are

22  held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro*

23

24  ───────────────

25          [2] While documents that are public records may be judicially noticed for the purpose of showing the occurrence
    of a judicial proceeding that a particular document was filed in a separate court case, or that a specific fact was found,
    judicial notice for the truth of the findings of facts from another case is not appropriate. *Wyatt v. Terhune*, 315 F.3d 1108,
26  1114 n. 5 (9th Cir. 2003) ("[f]actual findings in one case ordinarily not admissible for their truth in another case through
    judicial notice"); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (while court may take judicial notice of
27  "matters of public record," it may not take judicial notice of any fact "subject to reasonable dispute"); *United States v.
    Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("a court may take notice of another court's order only for the limited purpose
28  of recognizing the 'judicial act' that the order represents or the subject matter of the litigation").

*se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted).

According to Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction when the moving party provides specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's opposition to a motion for preliminary injunction can be heard. FED. R. CIV. P. 65. The Supreme Court has stated that courts must consider the following factors in determining whether to issue a preliminary injunction: (1) likelihood of irreparable injury if preliminary relief is not granted; (2) a likelihood of success on the merits; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008). "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22, 32. A moving party is required to make a showing that all of these requirements have been met. *American Trucking Assoc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

### A.   *Winter* Elements

#### I.   Irreparable harm

"In the context of injunctive relief, the plaintiff must demonstrate a real or immediate threat of an irreparable injury." *Cole v. Oroville Union High School Dist.*, 228 F.3d 1092, 1100 (9th Cir. 2000). For an order granting prospective injunctive relief, the moving party is required to "demonstrate a reasonable likelihood of future injury." *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918 (9th Cir. 2003) (citation omitted).

Plaintiffs assert that the actions of defendants that plaintiffs seek to enjoin have and will continue to cause substantial and irreparable harm to plaintiffs. (Doc. # 5, ¶ 6).

Here, it is not clear that plaintiffs are being irreparably harmed. There is no irreparable harm if Mr. Loretero failed to appear for his paternity test to determine if he is the biological father of Branden as stated in the protective custody report.[3] The resulting deprivation of custody of Branden

---

[3] The court is taking judicial notice that a specific fact was found. *Wyatt*, 315 F.3d at 1114 n. 5.

James C. Mahan
U.S. District Judge

1   is the consequence of Mr. Loretero's decision to skip mandatory paternity testing, nothing more.

2              **ii.**    **Likelihood of success on the merits**

3           To satisfy *Winter*, a plaintiff must show that he is "likely" to succeed on the merits. "'Likely'

4   means 'having a high probability of occurring or being true.'" *Shebanow v. First Mangus Financial*

5   *Corp.*, no. 3:10-cv-00765, 2010 WL 5390132, at *3 (D. Nev. Dec. 22, 2010) (quoting Merriam-

6   Webster Dictionary).[4]

7           Plaintiffs assert that there is a substantial likelihood that plaintiffs will prevail as evidence

8   clearly shows that there was no danger to justify the warrantless taking and entering of a private

9   domicile. (Doc. # 5, ¶ 5).

10           Here, it appears that defendants were acting pursuant to a state issued protective order. Thus,

11   plaintiffs must overcome the *Younger-Juidice* abstention doctrine. *See* Part II.B. *infra*. Plaintiffs,

12   having made no showing as to why this doctrine would not apply, face a substantial challenge that

13   decreases their likelihood of success on the merits.

14           Thus, plaintiffs, at this stage in the proceeding, cannot show that they are likely to succeed

15   on the merits of their claims or that they even raise a serious question.

16              **iii.**    **Balance of hardships and public interest**

17           Plaintiffs state that issuing a preliminary injunction will not cause defendants any hardship

18   and that it will not adversely affect the public interest. (Doc. # 5, ¶¶ 7-8).

19           Here, plaintiffs are unable to establish irreparable harm or that they are likely to succeed on

20   the merits. Surely, "even the temporary loss of custody works a hardship on parents; the court does

21   not intend to minimize the magnitude of that loss . . . ," *see Delahunty v. State of Hawaii*, 677 G.

22   Supp. 1052, 1057 (D. Haw. 1987); however, at this time, it appears that it is unclear whether Mr.

23   Loretero is the biological father of Branden.

24   —————————

25       [4] The court recognizes that the Ninth Circuit's sliding scale and serious question test remains viable after *Winter*.

26   *Cottrell*, 632 F.3d at 1134-35 ("That is, serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."). This court does not address the sliding

27   scale test because plaintiff cannot establish that his chance of success on the merits is "likely." *Shabanow*, 2010 WL 5390132, at *3 ("A claim can be weaker on the on the merits if it raises serious questions and the amount of harm the

28   injunction will prevent is very great, but the chance of success on the merits cannot be weaker than likely.").

James C. Mahan
U.S. District Judge

1  While the court does not discount the relationship between Mr. Loretero and Branden, the

2  state certainly has an interest in resolving paternity issues. Thus, the public interest weighs in favor

3  of the state exercising its authority to ensure the safety and well being of its children.

4  **B.**   ***Younger* Abstention**

5  A federal court should abstain from hearing a case that would interfere with ongoing state

6  proceedings. *Younger v. Harris*, 401 U.S. 37, 43-55 (1971). "*Younger* abstention is required if the

7  state proceedings are (1) ongoing, (2) implicate important state interest, and (3) provide the plaintiff

8  an adequate opportunity to litigate federal claims." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613

9  (9th Cir. 2000). "In addition, a state has a vital interest in protecting the authority of the judicial

10  system, so that its orders and judgments are not rendered nugatory." *H.C.*, 203 F.3d at 613 (quoting

11  *Juidice v. Vail*, 430 U.S. 327, 336 n. 12 (1977)).

12  As discussed *supra*, plaintiffs seek an order requiring the return of his son. Here, the

13  allegations of the complaint and exhibit E attached thereto demonstrate that Branden's current

14  custodial status is the result of a state court hearing on May 31, 2012, and a protective order issued

15  on June 7, 2012. (Doc. # 1, Ex. E, 2). Having taken judicial notice of exhibit E, this court must

16  abstain for well established reasons.

17  An important state interest is implicated because "family relations are a traditional area of

18  state concern." *Moore v. Sims*, 442 U.S. 415 (1979). This case is a particularly appropriate situation

19  for abstention because the state courts have a special expertise and experience in child custody

20  situations that this court lacks. *See H.C.*, 203 F.3d at 613; *see also Peterson v. Babbitt*, 708 F.2d 465,

21  466 (9th Cir. 1983) ("The strong state interest in domestic relations matters, the superior competence

22  of state courts in settling family disputes because regulations and supervision of domestic relations

23  within their border is entrusted to the states, and the possibility of incompatible federal and state

24  court decrees in cases of continuing judicial supervision by the state makes federal abstention in

25  these cases appropriate.").

26  . . .

27  . . .

28

**James C. Mahan**
**U.S. District Judge**

1    Simply, wholesale federal intervention into this entirely state concerned child custody

2    proceeding is inappropriate.[5]

3    **III.   Motions to dismiss (docs. # 12 & # 24)**

4    All named defendants are party to two motions to dismiss. (*See* docs. # 12, # 17, & # 24).

5    Plaintiffs have failed to file a response to either motion.

6    "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

7    as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

8    1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a

9    complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the

10   line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S.

11   at 557). However, where there are well pled factual allegations, the court should assume their

12   veracity and determine if they give rise to relief. *Id.* at 1950.

13   Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any

14   motion constitutes the party's consent to the granting of the motion and is proper grounds for

15   dismissal. *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). However, prior to dismissal, the

16   district court is required to weigh several factors: "(1) the public's interest in expeditious resolution

17   of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

18   the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic

19   sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d

20   1421, 1423 (9th Cir. 1986)).

21   In light of the plaintiffs' failure to respond and weighing the factors identified in *Ghazali*,

22   the court finds dismissal of plaintiffs' complaint appropriate. This dismissal is without prejudice.

23

24   _____

25   [5] The court recognizes that "a federal court will not abstain if the plaintiff can establish the state court proceeding was undertaken in bad faith or for purposes of harassment or that some other extraordinary circumstances

26   exist, such as proceedings pursuant to a flagrantly unconstitutional statute." *Reddick v. Troung*, no. cv 07-6586, 2008 WL 2001915, at *3 (C.D. Cal. May 5, 2008) (citing *Younger*, 401 U.S. at 49, 53-54). However, the bad faith and

27   harassment exceptions to *Younger* abstention are narrow and would require more than the mere conclusory allegations provided by this plaintiff. *See Reddick*, 2008 2L 2001915, at *3; *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975);

28   *Canatella v. California*, 404 F.3d 1106, 1112 (9th Cir. 2005).

James C. Mahan
U.S. District Judge

**IV.     Motion for leave to amend complaint (doc. # 27)**

Plaintiffs filed a motion for leave to file an amended complaint. (Doc. # 27).

Local Rule 15-1(a) requires a party to attach the proposed amended complaint to a motion to amend pleadings.  Plaintiffs have not done so here.

On this basis, the court declines to grant plaintiffs' motion to amend.

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED plaintiffs Harold Loretero's, on behalf of Branden Loretero, motion for a preliminary injunction (doc. # 5) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the city defendants' motion to dismiss (doc. # 12) be, and the same hereby is, GRANTED. Plaintiffs' complaint is hereby dismissed without prejudice as to the City of Henderson, Officer Stokes, Yulaunda Greenberry, and Clark County.[6]

IT IS FURTHER ORDERED defendant Mari D. Parlade's motion to dismiss (doc.# 24) be, and the same hereby is, GRANTED. Plaintiffs' complaint is hereby dismissed without prejudice as to Mari D. Parlade.

IT IS FURTHER ORDERED plaintiffs motion for leave to file an amended complaint (doc. # 27) be, and the same hereby is, DENIED.

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

[6] The county defendants joined the city defendant's motion to dismiss. (See doc. # 17).

James C. Mahan
U.S. District Judge

- 8 -

1    IT IS FURTHER ORDERED that clerk of the court keep this case open for thirty (30) days

2  in which plaintiffs may file a proper motion to amend their complaint. The court reminds plaintiffs

3  that if they choose to amend their complaint, they must comply with the requirements of Local Rule

4  15-1 and attach the proposed amended complaint to a motion to amend pleadings. If plaintiffs do not

5  file this motion within thirty (30) days from entry of this order, the clerk of the court shall close this

6  case.

7    DATED December 10, 2012.

8

9  _____

10  **UNITED STATES DISTRICT JUDGE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 9 -